Judge Wood
delivered the opinion of the court:
The question arising here is on a motion to dismiss the appeal, and the only inquiry, can executors, who have not given bond in in this state as executors, appeal without giving the security required of others. This must be determined by the construction given to our statute. Section 109 of the practice act directs the mode of perfecting an appeal. It prescribes the security to be given and the manner of giving it, but contains a proviso in relation to executors and administrators in these words: “That in no case shall administrators or executors be compelled to give bond and security to perfect an appeal, as is above provided.” This act was passed on March 8,1831, and took effect on the 1st of June of the same year. If this were the only law on the subject, no security could be required of the defendant to perfect the appeal in this case; the legislature, however, on the 12th of March, four days after the passage of this statute, in the act defining the duties of executors and administrators, 29 Ohio Stat. 242, sec. 44, have provided that, every executor and administrator who may have given bond in this state (as such executor and administrator) may appeal ^without giving security on such appeal. This act [50# took effect on the same day with that before mentioned, and in its repealing clause contains these words, “ and all other acts and parts of acts coming within the purview of this act be and the same are hereby repealed.”
Can these two statutes, in relation to the question before us, stand together? The first provides that no executor, etc., shall be required to give security to perfect an appeal; the last enacts that such executor, etc., as have given bonds in this state may appeal without security. If the statutes are not flatly contradictory, they can not be said to be consistent with each-other. When the legislatures say that such executors and administrators as have given bonds in this state may appeal without security, is it not. absolutely clear they intended to exclude all others who had not given such bonds? We think so; and the provision in the former act must be construed with the one in this, and if not repealed by it, which we can not doubt, it must give place to it.
*512 There is reason for permitting executors and administrators who have given bond as such in this state, to appeal without other security. They are under the control of our courts; they can at any time be required to give additional security ; th.ey can be cited in to show cause why they should not settle the estate, and can be compelled by an action on their bonds, within our own jurisdiction, to do right and justice to all concerned. If they reside out of the state, they are beyond our control, and we can not think it was the design of the legislature to permit them to carry on controversies in our courts, without giving an appeal bond. The same question has been twice decided on the circuit, the present season, and all the members of this court now present have united in this opinion. The motion to dismiss the appeal is sustained.